# Brown v. Brown.

*Bill in Equity for Injunction of Action at Law, and Relief against Forfeiture of Estate by Breach of Condition.*

1. *Adequacy of legal remedies; forfeiture of estate by breach of condition.*—Where lands are conveyed, by deed of gift, to the grantor's grandson, with a provision in favor of his daughter-in-law, the step-mother of the grantee, in these words : " *Provided*, however, that Clara A. B., step-mother of said Simeon B., shall have the right to occupy the dwelling-house, outhouses, and improvements thereon, and to use, cultivate and enjoy one-half of the said lands, and to take and hold to her own use the rents, issues and profits thereof, for and during the *term of her residence* upon said lands, her natural life or widowhood, and *at her removal* from said lands, her marriage or death, the whole of said lands to be thereafter the property of said Simeon B. ;" if the interest of the step-mother is not forfeited by her temporary removal from the land in consequence of ill-health and physical infirmity, not having the intention to abandon it, her title is legal, and she has an adequate remedy at law ; consequently, she cannot come into equity to enjoin an action of ejectment against tenants to whom she has rented the lands, and for relief against a supposed forfeiture by breach of the condition.

APPEAL from the Chancery Court of Greene.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 15th March, 1876, by Mrs. Clara A. Brown, against Simeon M. Brown, who was her step-son; and sought equitable relief as hereinafter stated, upon these facts :   The complainant was the widow of Henry P. Brown, deceased, who was a son of Joshua T. Brown. In May, 1869, said Joshua T. Brown executed a deed of gift, a copy of which was made an exhibit to the bill, conveying a tract of land to his grandson, Simeon M. Brown, the surviving son of said Henry P., with a proviso added in these words : *Provided*, however, that Clara A. Brown, the widow of Henry P. Brown, and step-mother of said Simeon M. Brown, shall have the right to occupy the dwelling-house, outhouses, lots, and improvements thereon, and also to use, cultivate and enjoy one-half of the said lands, and to take and hold to her own use the rents, issues and profit thereof,

[Brown v. Brown.]

free from all charges of rents, or any demand whatsoever, from or by the said Simeon M. Brown, or from me, my heirs and assigns, for and during the term of her residence upon said lands, her natural life, or widowhood; and at her removal from said lands, marriage, or death, the whole of said lands and premises to be thereafter the property of the said Simeon M. Brown." The bill alleged that, at the time this deed was executed, and for two or three years prior thereto, she was and had been a helpless invalid, unable to walk without the aid of crutches, and unable to take care of herself, and in destitute circumstances; that her condition was well known to said Joshua T. Brown, the grantor, who frequently advised her, both before and after the execution of said deed, " to try a change of locality for the improvement of her health, offering to assist in defraying her expenses in so doing;" that the lands conveyed by the deed "were in a damp and unhealthy locality, surrounded by a large negro population, with but few white persons in the neighborhood, and none of them living on said lands except complainant and her sister, who was living with her, nursing and taking care of her;" that her said sister, having lost her only child while living on said lands, and becoming herself ill, expressed a determination to leave the place so soon as she could procure a suitable residence elsewhere, and purchased a house and lot in the town of Clinton in said county, and removed to it about the first of January, 1872, " carrying your oratrix with her, who was unwilling to go, but was unable to remain on the said lands without the care, attention and nursing of her said sister, and without great risk to her life, as she was advised by her physician. And complainant avers that she has never changed, nor intended to change, her residence on said lands, nor to remove therefrom; that her absence from said lands was and is involuntary and compulsory, on account of the absolute necessity of the attention and services of her said sister and of a physician to the preservation of her life; and that when she left said lands and residence as aforesaid, and continuously ever since, she kept and has kept two rooms in said residence, with all the necessary bedding, furniture, &c., in them, and a servant's room in the yard, for her own use and occupation whenever the condition of her health and circumstances will permit her to return and live on said lands, where she claims, and has always claimed her home to be, ever since she left said lands."

The bill alleged, also, that there had never been any division of the lands between the complainant and said Simeon Brown, but she had always rented out the tillable portion of the lands to freedmen, had collected the rents, and paid over

[Brown v. Brown.]

one-half the amount thereof to the guardian of said Simeon, he being a minor, and to him personally after he had attained his majority, including the rents for the year 1874; that this was done by her without any objection on the part of said Simeon or his guardian, and without any claim on their part that she had forfeited her interest in the lands; that she also rented out the lands for the year 1875, taking the notes of the several tenants for the stipulated rent; and that said Simeon Brown, claiming the entire interest and ownership of the lands, on the ground that she had forfeited her rights by abandonment, had brought actions of ejectment against the tenants in possession, asserting his right also to the entire rents. On these allegations, the bill prayed an injunction of the actions at law, the appointment of a receiver to collect the rents, and a decree declaring the proper construction and effect of the deed; " that if the intent and effect of said deed is that her estate in the land ceased with her actual personal residence thereon, and such condition is held a lawful and valid condition, this honorable court will disregard such intent, and will decree that your oratrix is entitled to her life estate in said lands, and in the issues and profits thereof, in order to prevent great hardship and irreparable damage to her;" that the lands be equally divided, and that she be protected and established in the enjoyment and possession of her portion.

The defendant did not demur to the bill, but filed an answer, insisting that the complainant, by her removal from the lands, had forfeited all her interest therein under the provisions of the deed; denying that the place had become more unhealthy than it was when the deed was made, and denying all the acts alleged showing an intention on her part to return to the lands. The cause being submitted to the chancellor for decision on the bill and answer only, with the exhibit to the bill, he held that the complainant had not forfeited her estate in the lands by her removal, and that she was entitled to the relief prayed; and his decree to that effect is now assigned as error.

SNEDECOR, COCKRELL & HEAD, and THOS. W. COLEMAN, for appellant.

E. MORGAN, contra.

STONE, J.—If the complainant, Clara Brown, have any interest or estate in the lands, their issues or profits, or any right to occupy them, which she has not forfeited, her remedy at law was adequate and complete. Whatever claim or right

[Adams v. Jones.]

she had, was what the law calls a legal title, or right to the possession; and if not lost by abandonment, there was no impediment to its assertion in answer to the action of ejectment. Having a plain and adequate remedy at law, her bill is without equity.—1 Brick. Dig. 639, section 3.

Reversed, and bill here dismissed. Let the costs, including costs of the appeal in this court and the court below, be paid by Mrs. Clara A. Brown. This judgment to take effect as of July 16th, 1878, when this cause was submitted.